UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SHARLENE ALLEN,

                           Plaintiff,                  CIVIL ACTION NO.:

    -against-                                             <u>COMPLAINT</u>

THE UNITED STATES OF AMERICA,

                           Defendant.
---------------------------------------------------------------X

      1.     Plaintiff SHARLENE ALLEN, by her attorneys, Gair, Gair, Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf, bring this complaint against Defendant the United States of America pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671-80.

      2.     Plaintiff has exhausted her claims by filing the required forms with the Defendant and by the appropriate federal agency failing to make final disposition of the claim within six months after its filing. *See* Ex. A (Administrative Complaints).

## INTRODUCTION

      3.     This is a medical malpractice action that seeks damages for injuries suffered by the Plaintiff due to Defendant's failure to timely diagnose cancer in Plaintiff's left breast. Defendant's negligence and departure from good and accepted medical practice resulted in severe and permanent injury to the Plaintiff, including metastasis of the cancer and significantly decreased life expectancy.

      4.     Employees of The Institute for Family Health, Dr. Walter Woodley, and Dr. Daryl D. McClendon have caused the Plaintiff tortious injury. Said health care center, Dr. Woodley, and Dr. McClendon are covered by the Federal Tort Claims Act (herein "FTCA"). As such, and as mandated by the FTCA, Plaintiff brings this action against Defendant The United States of America.

## JURISDICTION AND VENUE

5. This case is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671-80. This Court has jurisdiction over this claim against The United States of America for money damages pursuant to 28 U.S.C. §§ 1346(b)(1).

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(e) and 1402(b), as this is an action against The United States of America, this is the district in which Plaintiff resides, and no property is involved.

## PARTIES

7. Plaintiff Sharlene Allen, at all times herein mentioned, was and still is a citizen of the State of New York residing at 50 East 102nd Street, #3A, New York, New York 10029.

8. The Institute for Family Health is a Federal Tort Claims Act ("FTCA")-covered health center. Its employees are deemed to be federal employees and are qualified for protection under the FTCA. Dr. Walter Woodley and Dr. Daryl D. McClendon are employees of The Institute for Family Health.

9. Defendant The United States of America is a party to this action by virtue of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671, *et seq*.

## RELEVANT PROCEDURAL HISTORY

10. On December 1, 2014, Plaintiff commenced an action in the Supreme Court of New York, Queens County, against several parties including The Institute for Family Health, Dr. Walter Woodley, and Dr. Daryl D. McClendon.

11. On August 27, 2015, pursuant to 28 U.S.C. §2675(a), Plaintiff filed a claim with the United States Department of Health and Human Services (hereinafter "HHS") alleging that the

FTCA-covered health center, The Institute for Family Health, and its employees, including Dr. Walter Woodley and Dr. Daryl D. McClendon, failed to timely and properly diagnose cancer in Plaintiff's left breast.

12. On September 28, 2015, HHS acknowledged receipt of Plaintiff's claim and requested substantiating evidence.

13. On December 4, 2015, Plaintiff provided to Ms. Dorothea P. Koehler, paralegal specialist at HHS, said evidence in triplicate.

14. On December 12, 2015, venue of the state action was changed from Queens County to New York County.

15. On May 31, 2016 and July 19, 2016, after no response from HHS, Plaintiff re-submitted the substantiating evidence to Ms. Koehler at HHS.

16. On October 3, 2017, Plaintiff's counsel petitioned New York Supreme Court to "So Order" a stipulation dismissing the cause of action, without prejudice, against The Institute for Family Health, Dr. Walter Woodley, and Dr. Daryl D. McClendon for the reasons that they are FTCA-covered entities subject to federal court jurisdiction. The petition was granted on November 30, 2017.

17. On March 19, 2018, after still no response from the federal agency, Plaintiff once again re-submitted the substantiating evidence to Ms. Koehler at HHS.

18. To date, Plaintiff still has yet to receive final disposition of her claim from the Department of Health and Human Services.

19. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim (28 U.S.C. § 2675(a)). Thus, this action is timely commenced.

## AS AND FOR PLAINTIFF SHARLENE ALLEN'S CAUSE OF ACTION

20. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of this Complaint marked and designated "1" through "20" inclusive, with the same force and effect as if herein stated set forth more fully at length.

21. Defendant The United States of America, at all times hereinafter mentioned, provided medical malpractice protection to health centers, and their employees, that meet annual program requirements of FTCA coverage.

22. At all times hereinafter mentioned, The Institute for Family Health was and still is a domestic not-for-profit corporation existing under and by virtue of the laws of the State of New York.

23. At all times hereinafter mentioned, The Institute for Family Health owned and operated a medical practice known as Family Health Center of Harlem located at 1824 Madison Avenue, New York, New York 10035.

24. At all times hereinafter mentioned, The Institute for Family Health operated, conducted, managed, controlled, and maintained the aforesaid health center located at 1824 Madison Avenue, New York, New York 10035.

25. At all times hereinafter mentioned, The Institute for Family Health was and is an FTCA-covered health center, located at 1824 Madison Avenue, New York, New York 10035.

26. That by virtue of its FTCA-coverage, The Institute for Family Health is sued herein as Defendant THE UNITED STATES OF AMERICA.

27. At all times hereinafter mentioned, Dr. Walter Woodley was a physician duly licensed to practice medicine in the State of New York.

28. At all times hereinafter mentioned, Dr. Walter Woodley specialized in the field of family medicine.

29. At all times hereinafter mentioned, Dr. Walter Woodley was associated with The Institute for Family Health.

30. At all times hereinafter mentioned, Dr. Walter Woodley was on the staff of The Institute for Family Health.

31. At all times hereinafter mentioned, Dr. Walter Woodley was acting as an agent of The Institute for Family Health.

32. At all times hereinafter mentioned, Dr. Walter Woodley was an employee of The Institute for Family Health.

33. At all times hereinafter mentioned, Dr. Walter Woodley was acting within the course and scope of his employment with The Institute for Family Health.

34. That by virtue of his relationship with The Institute for Family Health, an FTCA-covered health center, Dr. Walter Woodley is a federal employee and is sued herein as defendant THE UNITED STATES OF AMERICA.

35. At all times hereinafter mentioned, Dr. Daryl D. McClendon, was a physician duly licensed to practice medicine in the State of New York.

36. At all times hereinafter mentioned, Dr. Daryl D. McClendon specialized in the field of family medicine.

37. At all times hereinafter mentioned, Dr. Daryl D. McClendon was associated with The Institute for Family Health.

38. At all times hereinafter mentioned, Dr. Daryl D. McClendon was on the staff of The Institute for Family Health.

39. At all times hereinafter mentioned, Dr. Daryl D. McClendon was acting as an agent of The Institute for Family Health.

40. At all times hereinafter mentioned, Dr. Daryl D. McClendon was an employee of The Institute for Family Health.

41. At all times hereinafter mentioned, Dr. Daryl D. McClendon was acting within the course and scope of his employment with The Institute for Family Health.

42. That by virtue of his relationship with The Institute for Family Health, an FTCA-covered health center, Dr. Daryl D. McClendon is a federal employee and is sued herein as defendant The United States of America.

43. On or about October 2012 through on or about January 2014, Plaintiff Sharlene Allen presented to The Institute for Family Health.

44. On or about October 2012 through on or about January 2014, Dr. Walter Woodley rendered certain medical and diagnostic care and treatment to Plaintiff Sharlene Allen, including care and treatment of her left breast.

45. On or about October 2012 through on or about January 2014, Dr. Daryl D. McClendon rendered certain medical and diagnostic care and treatment to Plaintiff Sharlene Allen, including care and treatment of her left breast.

46. The aforesaid medical and diagnostic care and treatment rendered by The Institute for Family Health, Dr. Walter Woodley, and Dr. Daryl D. McClendon, sued herein as defendant The United States of America, was negligent and careless.

47. Defendant, and its agents, servants, and employees, was negligent and careless in failing to possess the requisite degree of learning, knowledge, and skill in the treatment of Plaintiff.

48. Defendant, and its agents, servants, and employees, was negligent and careless in failing to use due, reasonable, and proper skill and care in the treatment of Plaintiff.

6

49. Defendant, and its agents, servants, and employees, was negligent and careless in failing to follow standard and accepted medical and diagnostic practices and procedures.

50. Defendant, and its agents, servants, and employees, was negligent and careless in failing to suspect and timely diagnose the Plaintiff's cancer of the left breast in accordance with standard and accepted medical, diagnostic, and radiological practices and procedures.

51. Defendant, and its agents, servants, and employees, was negligent and careless in failing to perform, order, and/or recommend appropriate diagnostic testing of Plaintiff's left breast.

52. Defendant, and its agents, servants, and employees, was negligent and careless in failing to appreciate signs and symptoms of cancer in Plaintiff's left breast.

53. Defendant, and its agents, servants, and employees, was negligent and careless in failing to timely, properly, and appropriately ascertain, determine, and recognize that Plaintiff's radiographic and diagnostic tests were misread, misinterpreted, and incorrectly reported and documented.

54. Defendant, and its agents, servants, and employees, was negligent and careless in failing to communicate to Plaintiff the results of her diagnostic testing.

55. Defendant, and its agents, servants, and employees, was negligent and careless in failing to communicate to the Plaintiff the need for follow-up care and treatment.

56. Defendant, and its agents, servants, and employees, was negligent and careless in failing to refer Plaintiff to a breast surgeon.

57. That by reason of the foregoing, there was severe delay in diagnosing Plaintiff Sharlene Allen's left breast carcinoma.

58. That by reason of the foregoing, Plaintiff Sharlene Allen developed Stage IV inoperable metastatic breast cancer with metastases and her life expectancy was severely curtailed.

59. That by reason of the foregoing, more aggressive treatment options were needed to care for Plaintiff Sharlene Allen and other treatment alternatives were made unavailable.

60. That by reason of the foregoing, Plaintiff sustained a serious injury as defined in §5102(d) of the Insurance Law of the State of New York.

61. That by reason of the foregoing, Plaintiff has sustained economic loss greater than basic economic loss as defined in §5102 of the Insurance Law of the State of New York.

62. That as a result of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limit of all lower courts which would otherwise have jurisdiction.

63. That pursuant to CPLR 1603, this foregoing cause of action is exempt from the operation of CPLR 1601 by reason of one or more of the exemptions provided in CPLR 1602, including CPLR 1602(7).

64. That by reason of the foregoing, Plaintiff has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against defendant The United States of America in the sum of TEN MILLION ($10,000,000.00) Dollars, together with interest and the costs and disbursements of this action.

Dated: New York, New York
September 7, 2018

Yours, etc.,

GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM, HERSHENHORN, STEIGMAN & MACKAUF
Attorneys for Plaintiffs

_____
JEFFREY B. BLOOM (JB3700)
80 Pine Street, 34th Floor
New York, New York 10005
(212) 943-1090